IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **RODOLFO BARRAZA,** | § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION** |
| **V.** | § § § | **NO.:_____** |
| **UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND AND CAROL CRUMP** | § § § § § | **JURY DEMAND** |
| **Defendants.** | § § | |

**DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant United Property and Casualty Insurance Company ("UPC") files this Notice of Removal:

### I.     Factual and Procedural Background

1. On March 15, 2017, Plaintiff Rodolfo Barraza ("Plaintiff") filed his Original Petition in Hidalgo County, Texas against UPC and Carol Crump ("Crump"). The lawsuit arises out of a claim Plaintiff made for damages to his property located at 1809 Girasol Dr., Mission, Texas 78574, under an insurance policy issued by United Property & Casualty Insurance Company, effective December 12, 2014 through December 12, 2015.

2. Plaintiff served UPC with a copy of the Original Petition on or about April 5, 2017.

3. Upon information and belief, Carol Crump, has not been served.

4. UPC files this notice of removal within 30 days of receiving Plaintiff's initial pleading. *See* 28 U.S.C. § 1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

**DEFENDANT UNITED PROPERTY AND CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL – Page 1**
2716086
11151.102

5.      As required by Local Rule 81 and 28 U.S.C. § 1446(a), simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an index of matters being filed. A copy of the Case Summary Sheet is attached as Exhibit "B." A copy of the Civil Case Information Sheet is attached as Exhibit "C," and a copy of Plaintiff's Original Petition is attached as Exhibit "D." A letter from the clerk issuing citations for service of the Original Petition is attached hereto as Exhibit "E." A copy of the citation issued to United Property & Casualty Insurance Company is attached hereto as Exhibit "F" and a copy of the citation issued to Carol Crump is attached hereto as Exhibit "G." A copy of the return of service for United Property & Casualty Insurance Company is attached hereto as Exhibit "H." A copy of UPC's Original Answer to Plaintiff's Original Petition is attached as Exhibit "I." Finally, the list of Counsel and Parties to the Case is attached as Exhibit "J." A copy of this Notice is also being filed with the state court and served upon the Plaintiff.

6.      Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Hidalgo County, Texas, the place where the removed action has been pending.

## II.     Basis for Removal

7.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446. This is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**A.     The Proper Parties Are Of Diverse Citizenship.**

8.      Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas.

9.     UPC was at the time this action was commenced, and still is, a foreign (Florida) property and casualty insurance company authorized to do business in the State of Texas. UPC is organized under Chapter 982 of the Texas Insurance Code.

10.    Upon information and belief, Crump is and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Crump, it is UPC's position that Crump has been fraudulently joined in this action.  Therefore, the Texas citizenship of Crump should be disregarded for the purposes of evaluating diversity in this matter.

11.    When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12.    Here, Plaintiff asserts generic claims against Ms. Crump for violations of the Texas Insurance Code.  *See* Pl's Orig. Pet., Exhibit C, pp. 3-4 and 8-10.  Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Crump because no real facts relating to her have been set forth.  Plaintiff's claims against Ms. Crump consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Crump] in state court."  *See International Energy Ventures Management, L.L.C.*, 2016 WL 1274030, at *6-

7; *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also Bianca Tabarestani v. United Prop. & Cas. Ins. Co., et al,* Civil Action No. H-16-712, (S.D. Tex. June 29, 2016) (Werlein, J.); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.).  Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Crump, her presence should be disregarded in determining diversity jurisdiction.

13. Because Plaintiff is a citizen of Texas and Defendant UPC is a citizen of Florida, complete diversity of citizenship exists among the proper parties.

**B.  The Amount in Controversy Exceeds $75,000.00.**

14. This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Original Petition expressly alleges that "Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000." *See* Exhibit C p. 14.

### III.  Conclusion and Prayer

15. Accordingly, all requirements are met for removal under 28 U.S.C. §§ 1332 and 1441.  UPC hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Rhonda J. Thompson
**RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE**
rthompson@thompsoncoe.com
State Bar No. 24029862
Southern District No.: 17055
**SHANNON BECK**
sbeck@thompsoncoe.com
State Bar No. 24092102
Southern District No.: 2715159

THOMPSON, COE, COUSINS & IRONS, LLP.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:   (214) 871-8209

**COUNSEL FOR DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of May, 2017, a true and correct copy of the foregoing was delivered to the following counsel of record by electronic service and/or facsimile transmission and/or certified mail, return receipt requested:

Robert A. Pollom
Jake Rogiers
KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
    *Counsel for Plaintiff*

                              /s/ Rhonda J. Thompson
                              Rhonda J. Thompson