Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-1224-17-F

| | | |
|---|---|---|
| RODOLFO BARRAZA | § § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| | § § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY AND CAROL CRUMP | § § § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff RODOLFO BARRAZA, files this Original Petition against UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UNITED PROPERTY" or the "INSURANCE DEFENDANT"), and CAROL CRUMP ("CRUMP" or "ADJUSTER DEFENDANT" or herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Hidalgo County, Texas.

1


EXHIBIT D

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

Defendant UNITED PROPERTY is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever else it may be found.

Defendant, CAROL CRUMP, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 2406 Centerbrook Court, Pearland, Texas 77584 or wherever else she may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Hidalgo County, Texas because all or part of the conduct giving rise to the causes of action were committed in Hidalgo County, Texas and the Plaintiff and property which is the subject of this suit are located in Hidalgo County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

## IV.
## FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 1809 Girasol Dr, Mission, Texas 78574 (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy on or about March 26, 2105 under Policy Number UTH015253400 and Claim Number 2015TX021011, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy. Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy. However, DEFENDANTS failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages, which is evidenced by the estimate and correspondence completed by Carol Crump and fully adopted by Universal Property and Casualty Insurance Company.[1]

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property, which originated in Adjuster Defendant's failure to effectuate a prompt, fair and equitable resolution of the claim.

---

[1] See Plaintiff's Exhibit A, a true and correct copy of Carol Crump's estimate. See also Plaintiff's Exhibit B, a true and correct copy of Carol Crump's correspondence dated December 10, 2015.

3

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff.

Pleading further, DEFENDANTS misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. For example, Adjuster Defendant arbitrarily labeled known damage from the occurrence as wear and tear and shingles not being properly sealed, although no scientific testing was completed to reach this conclusion.[2] TEX. INS. CODE §541.060(a)(1).

DEFENDANTS failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Their conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation

---

[2] See Plaintiff's Exhibit B.

4

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

V.

## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

### A. BREACH OF CONTRACT

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

#### 1. UNFAIR SETTLEMENT PRACTICES

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2. THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## C.   BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT

## A.   NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, CRUMP, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and it agents constitute one or more violations of the Texas Insurance Code. More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2. Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy[3]; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about December 10, 2015.[4] During the inspection, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, CRUMP, ignored covered damages including but not limited to the roof, ac unit, fencing, soffit and fascia.[5] Subsequent to the inspection, ADJUSTER DEFENDANT prepared a repair estimate, completed on or about December 10, 2015,

---

[3] Exhibit B, at page 2 (Crump's correspondence of the assessment of the damages to the dwelling indicated conducted consistent with this violation, namely refusing to include observed damage within Crump's estimate).
[4] See Exhibit A.
[5] See Exhibit A. See also Exhibit B.

9

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.[6]

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s)

---

[6] See Exhibit A.

10

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

Electronically Filed
3/15/2017 11:47:38 AM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1224-17-F

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone: (210) 490-7402
Facsimile: (210) 490-8372

BY: /s/ Robert A. Pollom
Robert A. Pollom
State Bar No. 24041703
robert@krwlawyers.com
Jake Rogiers
State Bar No. 24069066
jake@krwlawyers.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**

DATE 4/22/2017
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#37

15



**UPC Insurance**
PO Box 1011
St. Petersburg, FL 33731
1-888-CLM-DEPT

| CLAIM NO.: 2015TX021011 | Reinspection ☐ | INSURED |
|---|---|---|
| **Policy No.:** | UTH015253400 | RODOLFO BARRAZA |
| **Date of Loss:** | 03/26/2015 12:01 PM | 1809 GIRASOL DR |
| **Type of Loss:** | Hail | MISSION TX 78574 |
| **Deductible:** | $1,250.00 | Home phone: (832) 573-0929 |
| **Year Built:** | Cat No.:42150325 | Business phone: |
| | | Mobile phone: (832) 573-0929 |
| | | Bus. Fax: |
| **Adjuster:** | Carol Crump | Contact: RODOLFO BARRAZA 1 (956) 626-9599 |
| **Phone:** | (713) 876-9966 | Loss address: |
| **Email:** | CCrump@millsmehr.com | 1809 GIRASOL DR |
| | | MISSION TX 78574 |

"This adjuster, the author of this estimate, has no authority to: (1) approve or deny claims; or, (2) bind UPC as to coverage for your claim or the amount of your loss, if any. A copy of this estimate does not constitute a settlement of this claim or any representation on the part of UPC. The estimate is subject to the review, modification and approval of UPC, including, but not limited to, the application of policy limitations, exclusions and deductible provisions. Any additional repairs to, or replacement of, items not included in this estimate are also subject to UPC's prior approval. You are required to keep all records, cancelled checks, inspection reports, etc., as proof of repair/replacement in the event of any future loss and pursuant to your post-loss duties under your insurance policy. This estimate is not an authorization of repair. The hiring of a contractor is strictly the decision of the UPC policyholder."

EXHIBIT "A"

| Description | Quantity | Unit Price | Per | RC | Depreciation | ACV |
|---|---|---|---|---|---|---|
| **ESTIMATE:** Structure (RJMW - Adjusters) | | | | Claim #2015TX021011, RODOLFO BARRAZA | | |

C-1324-17-F

### ROOFPLAN: Roofplan

**Roof**

Roof area: 2,182.97 SF  Squares: 21.8 SQ  Soffit: 415.54 SF
Gutters: 175.46 LF  Ridge: 50.19 LF
Valley: 72.10 LF  Hip rafter: 128.17 LF

| Description | Quantity | Unit Price | Per | RC | Depreciation | ACV |
|---|---|---|---|---|---|---|
| 1. Shingles, 3-Tab, Fiberglass 25 YR. - Tear Out | 1.00 | $30.02 | SQ | $30.02 | $0.00 | $30.02 |
| 2. Shingles, 3-Tab, Fiberglass 25 YR. - Replace | 1.10 | $132.87 | SQ | $146.16 | $38.28 ✓ | $107.88 |
|    Includes 10% waste on quantity. | | | | | | |
| 3. Ridge Shingles Fiberglass - Remove | 4.52 | $0.72 | LF | $3.25 | $0.00 | $3.25 |
| 4. Ridge Shingles Fiberglass - Replace | 4.75 | $2.32 | LF | $11.02 | $2.05 ✓ | $8.97 |
|    Includes 5% waste on quantity. | | | | | | |
| 5. Flashing, Plumbing Vent Plastic - Tear Out | 4 | $4.43 | EA | $17.72 | $0.00 | $17.72 |
| 6. Flashing, Plumbing Vent Plastic - Replace | 4 | $18.65 | EA | $74.60 | $13.80 ✓ | $60.80 |
| 7. Trucking & Hauling, 1/2 Ton | 1 | $100.53 | LD | $100.53 | $0.00 | $100.53 |
| **Roof - Subtotal** | | | | | | **$329.17** |
| **Roofplan - Subtotal** | | | | | | **$329.17** |

DATE 4/27/2017
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#37

C-1224-17-F



December 10, 2015

Rodolfo Barraza
1809 Girasol Drive
Mission, Texas 78574

Re: Insured: Rodolfo Barraza
    Claim Number: 2015TX021011
    Policy Number: UTH015253400
    Date of Loss: 03/26/2015
    Cause of Loss: Windstorm
    Loss Location: 1809 Girasol Drive, Mission, Texas 78574

### ESTIMATE AND BELOW DEDUCTIBLE

**Por favor léalo cuidadosamente. La información en esta carta afecta sus derechos cubiertos por la póliza de seguro que se menciona abajo. Si usted no puede leer esta carta o no entiende alguna porción de la misma, es muy importante que usted solicite consejo de alguna persona que lo pueda interpretar y explicarle el contenido de este documento.**

Dear Mr. Barraza:

Enclosed is our estimate in the amount of $475.32 for wind damage to the roof, which does not exceed the policy deductible. The statement of loss below represents a breakdown of damages under the following Coverage (s):

| | Building | Other Structures | Contents | ALE/FRV | Total |
|---|---|---|---|---|---|
| Replacement Cost (including the application of policy sub-limit, if any) | $475.32 | | | | $475.32 |
| Recoverable Depreciation (-) | | | | | |
| Non-Recoverable Depreciation (-) | | | | | |
| Prior Payment (-) | | | | | |
| Deductible (-) | ($1,250.00) | | | | ($1,250.00) |
| **Net Payment** | | | | | |

DATE 4/27/2017
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#37

PO Box 1011 • St. Petersburg, FL 33701-1011
Tel 888-CLM-DEPT • Fax (727) 895-8623
Email: Claims@UPCinsurance.com
United Insurance Holdings Corp. • United Insurance Management, LC
United Property & Casualty Insurance Company • Skyway Claims Services, LLC
www.UPCinsurance.com

**EXHIBIT "B"**

C-1224-17-F

Page 2 of 3

Please review the repair estimate. If you believe you are owed more, please send us additional documentation to support your claim. In the event that we cannot agree on the final settlement of your claim, your policy provides the right to invoke appraisal, which must be done prior to bringing any lawsuit against us. We would like to work toward a final resolution of your claim within the terms and conditions of your policy.

In addition, the field investigation revealed wind damage to shingles on the right roof slope. There was no hail damage found to the roof or walls of the home. The field inspection revealed wear and tear to several of the shingles. There were also some shingles found to the left roof slope that are not sealed properly.

We find no available coverage for the cost to replace the roof. The policy excludes loss or damage caused by wear and tear, faulty, inadequate maintenance and workmanship. Therefore, we are unable to provide a payment for this portion of your loss. Please refer to the Homeowners 3 – Special Form Policy, Form Number HO 00 3 05 11, Page 9 and 10 of 24, which states:

### SECTION I – PERILS INSURED AGAINST

A. **Coverage A – Dwelling And Coverage B – Other Structures**

   1. We insure against risk of direct physical loss to property described in Coverages A and B.
   2. We do not insure, however, for loss:

      a. Excluded under Section I – Exclusions;

   (6) Any of the following:

      (a) Wear and tear, marring, deterioration;
      (b) Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;

In addition, we refer you to Page 12 and 13 of 24 of the policy, which states:

### SECTION I – EXCLUSIONS

***

B. We do not insure for loss to property described in Coverages A and B caused by any of the following. However, any ensuing loss to property described in Coverages A and B not precluded from any other provision in this policy is covered.

   3. Faulty, inadequate, or defective:

PO Box 1011 • St. Petersburg, FL 33701-1011
Tel 888-CLM-DEPT • Fax (727) 895-8623
Email: Claims@UPCinsurance.com
United Insurance Holdings Corp. • United Insurance Management, LC
United Property & Casualty Insurance Company • Skyway Claims Services, LLC
www.UPCinsurance.com

C-1224-17-F

Page 3 of 3

    a. *Planning, zoning, development, surveying, siting;*
    b. *Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
    c. *Materials used in repair, construction, renovation or remodeling; or*
    d. *Maintenance;*
    *of part or all of any property whether on or off the "residence premises".*

\*\*\*

All rights and defenses of UPC Insurance are reserved. No act of any Company representative while investigating this claim or defending a lawsuit shall be construed as waiving any Company rights. The Company reserves the right to deny coverage to you or to anyone claiming coverage under this policy. UPC Insurance does not, by this letter or otherwise, waive any rights or defenses.

If you should have any additional questions regarding this claim, please contact the undersigned at the information shown below.

Sincerely,

Carol Crump
Desk Adjuster, Servicing Claims on Behalf of
United Property & Casualty Insurance Company

TEL: (888) 256-3378
Fax: (800) 380-5053
Email: claims@upcinsurance.com

Enclosure: Estimation of Damages

*Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing any false, incomplete, or misleading information is guilty of a felony of the third degree.*

*If this document contains an excerpt from a UPC Insurance Company Policy ("the Policy") it is provided here for informational purposes only. This excerpt is not the official version of the Policy. The official version of the Policy is the policy issued to the insured on the policy effective date. In the event there is inconsistency between this document and the Policy, the Policy shall serve as the official version*

PO Box 1011 • St. Petersburg, FL 33701-1011
Tel 888-CLM-DEPT • Fax (727) 895-8623
Email: Claims@UPCinsurance.com
United Insurance Holdings Corp. • United Insurance Management, LC
United Property & Casualty Insurance Company • Skyway Claims Services, LLC
www.UPCinsurance.com